People of the State of Illinois, Defendant in Error, v. William J. Elmore, Plaintiff in Error.

Gen. No. 40,169.

Heard in the third division of this court for the first district at the October term, 1938. Opinion filed October 26, 1938.

BARRATT O'HARA, of Chicago, for plaintiff in error; GEORGE H. O'BRIEN, of Chicago, of counsel.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, BLAIR L. VARNES and MELVIN S. REMBE, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

In the county court of Cook county defendant was charged with violating section 24 of ''An Act to revise the law in relation to the practice of the treatment of human ailments for the better protection of the public health and to prescribe penalties for the violation hereof'' (Ill. State Bar Stats. 1935, ch. 91, sec. 24

[Jones Ill. Stats. Ann. 79.25]). The section referred to is as follows:

"If any person shall hold himself out to the public as being engaged in the diagnosis or treatment of ailments of human beings; or shall suggest, recommend or prescribe any form of treatment for the palliation, relief or cure of any physical or mental ailment of any person with the intention of receiving therefor, either directly or indirectly, any fee, gift or compensation whatsoever; or shall diagnosticate or attempt to diagnosticate, operate upon, profess to heal, prescribe for, or otherwise treat any ailment, or supposed ailment, of another; or shall maintain an office for examination or treatment of persons afflicted, or alleged or supposed to be afflicted, by any ailment; or shall attach the title Doctor, Physician, Surgeon, M. D., or any other word or abbreviation to his name, indicative that he is engaged in the treatment of human ailments as a business; and shall not then possess in full force and virtue a valid license issued by the authority of the State to practice the treatment of human ailments in any manner, he shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by confinement in the county jail not more than one year, or by both such fine and imprisonment, in the discretion of the court." Upon a trial being had and after being found guilty by a jury, defendant was sentenced to 7 days imprisonment in jail, and ordered to pay a fine of $100 and costs.

Charlotte Hermes, an investigator for the department of registration and education of the State of Illinois, testified to the effect that on June 1, 1937, she visited the premises at 6334 Roosevelt road in Oak Park, Illinois, and that she did so because a complaint had been made to the department, and that she was

directed to go there by her superior officer; that upon arriving at the place mentioned, she saw a gold lettered sign on the door of the premises as follows: "Dr. W. J. Elmore, Naprapath, Physical Therapy, Ultra Violet Therapeutics. Hours 2 to 5 p. m. and 7 to 8 p. m." In addition, in the upstairs window of the building was a neon sign as follows: "Dr. W. J. Elmore, Naprapath." The witness then identified the defendant Elmore as the person with whom she had a conversation at the time and place mentioned. She stated that she informed the defendant that her name was Mrs. Ralph Sigmund, and that she had been referred to him by her sister-in-law, who lived on 59th street. The witness also stated that she told the defendant she was suffering from severe headaches, pains in the back of her eyes and pains in the arms and shoulders, and that she had heard of his treatment; that the defendant then stated that the witness would have to come back later for a treatment, and that he proceeded to show her his office and a therapy machine, explained how it worked and the results that came from it; that he stated to the witness that a Naprapath examined the spine and the location of sore spots; that she told the doctor that certain organs were causing trouble, and that he said she would need a course of treatments which would cost $12; that if she took six treatments, the diagnosis would be free, but that if she took no further treatments, the diagnosis would be $5.00. The witness testified that she called again on the following June 2nd, and that the defendant then examined her back and neck by pressing on the vertebra; that he informed the witness that the pains in her shoulders and arms were caused by pinched nerves, and explained that a chiropractor would consider it "subluxation"; that the defendant applied pressure to the witness's back and to her neck and shoulders, and applied other treatments; that

certain treatments were given to her in connection with a machine to which there were rubber pads connected; that the defendant put one pad on the witness's back and the other to her right side, and that she experienced considerable heat for about 20 minutes; that he manipulated her neck and shoulders, and that she then removed her shoes and he gave her feet a similar treatment. For this treatment, the witness testified that she paid him $5, and that he gave her a receipt signed "Dr. W. J. Elmore." Photographs of the premises referred to were received in evidence, showing the signs thereon, as testified to by the witness Hermes. None of the testimony of the witness was denied by the defendant. On the contrary, it is shown that defendant in effect, admitted his guilt to the witness and told her that he would cease his practice.

We are of the opinion that the verdict of the jury is fully supported by the evidence. The judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*

HEBEL, J., concurs.

DENIS E. SULLIVAN, J., specially concurring: While I concur in the decision reached in the foregoing opinion as I believe the entire record shows the guilt of the defendant, yet I cannot approve the method employed by the investigator for the State who falsely informed defendant as to her (said investigator's) physical condition, thereby inducing the defendant to commit the offense charged.